IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAHEEM HARRIS, | § | |
| | § | |
| Defendant Below, | § | No. 4, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1405005615 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  April 30, 2018
Decided:  July 2, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 2nd day of July 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    On November 12, 2014, after a one-day trial, a Superior Court jury found the appellant, Raheem Harris, guilty of Possession of a Firearm by a Person Prohibited ("PFBPP"). The Superior Court sentenced Harris to ten years of Level V incarceration, suspended after five years for decreasing levels of supervision. This

Court affirmed the Superior Court's judgment on direct appeal.[1]   The Court

described the facts leading to Harris' conviction as follows:

> The testimony at trial established that, around 6:00 a.m. on May 8,
> 2014, the Wilmington Police Department executed a search warrant for
> an apartment in the City of Wilmington.  The apartment was leased by
> Harris' girlfriend, who lived there with her young son.  Harris did not
> live in the apartment. He lived in an apartment across the hall with his
> mother.  The target of the officers' search warrant was Harris' cousin,
> Jamir.  When the officers executed the warrant, the only occupants of
> the apartment were Harris, his girlfriend, and her son.
>
> After the officers entered the apartment, Harris and his girlfriend were
> placed in custody and seated in the living room while the officers
> conducted the search.  During the search, the officers found a loaded 9
> mm firearm under the mattress where the two had been sleeping.  An
> officer read Harris his *Miranda* rights.  Harris told the officer that the
> gun was his, but then invoked his right to remain silent and did not
> answer any other questions.  The gun was processed, but no fingerprints
> or DNA was recovered.  Harris was charged with one count of
> Possession of a Firearm by a Person Prohibited.  The parties stipulated
> that he was a person prohibited from possessing a firearm.  Harris did
> not testify at trial.[2]

(2)     On August 11, 2015, Harris filed a timely motion for postconviction

relief under Superior Court Criminal Rule 61.  Harris argued that his trial counsel

provided ineffective assistance by: (i) failing to file a motion to suppress his

statement that the gun belonged to him based on the police officer's failure to inform

him of his rights under *Miranda v. Arizona*;[3] and (ii) failing to object to the

---

[1] *Harris v. State*, 2015 WL 4164837 (Del. July 8, 2015).
[2] *Id.* at *1.
[3] 384 U.S. 436 (1966).

prosecutor's opening statement that Harris was guilty of PFBPP because he told the police that the gun belonged to him and everyone agreed he was a person prohibited. In his responsive affidavit, Harris' trial counsel stated that: (i) he did not file a motion to suppress because his discussions with Harris led him to conclude such a motion was without merit; and (ii) he did not view the prosecutor's statement as violating Harris' trial rights. The State filed a response to Harris' motion.

(3) On January 4, 2016, Harris filed a motion for appointment of counsel. The Superior Court granted Harris' motion. On February 7, 2017, Harris' appointed counsel ("Postconviction Counsel") filed an amended motion for postconviction relief. The amended motion alleged that Harris' trial counsel provided ineffective assistance by failing: (i) to file a motion to suppress based on Harris' contention that he was not informed of his *Miranda* rights before he said the gun belonged to him; and (ii) to cross-examine the police officer at trial about whether he gave *Miranda* warnings and where Harris was in relation to the recovered gun. The State stood on their response to the original motion.

(4) The Superior Court referred the postconviction motion to a Superior Court Commissioner. In a report dated November 14, 2017, the Commissioner recommended that the Superior Court deny Harris' motion for postconviction relief.[4]

---

[4] *State v. Harris*, 2017 WL 5606970 (Del. Nov. 14, 2017).

The Superior Court accepted the recommendation of the Superior Court Commissioner and denied Harris' motion for postconviction relief. This appeal followed.

(5) On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel informed Harris of the provisions of Rule 26(c) and provided Harris with a copy of the motion to withdraw and the accompanying brief. Postconviction Counsel also informed Harris of his right to identify any points he wished this Court to consider on appeal. Harris provided points for the Court to consider on appeal. The State has responded to Harris' points and asked this Court to affirm the Superior Court's judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[5] This Court reviews the Superior Court's denial of

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

postconviction relief for abuse of discretion.[6]  Questions of law are reviewed *de novo*.[7]

(7)     Harris argues, as he did below, that his trial counsel was ineffective for failing to file a motion to suppress his statement about the gun based on the police officer's failure to first give Harris *Miranda* warnings.  Harris does not raise the other issues he raised below and has therefore waived any challenge to the Superior Court's rulings on those issues.[8]  Harris also argues for the first time that: (i) Postconviction Counsel and trial counsel were ineffective for failing to argue that Harris' statement was a result of his mental health issues and illegal detention; (ii) trial counsel was ineffective for failing to call his girlfriend to testify that the gun was not Harris' and that Harris suffered from mental health issues causing him to make uncontrolled statements.  Harris did not raise these claims in the Superior Court and we will not consider them for the first time on appeal.[9]

(8)     To prevail on an ineffective assistance of counsel claim, a defendant must establish that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been

---

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[7] *Id.*
[8] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).
[9] Supr. Ct. R. 8.  We note that nothing in the trial or sentencing transcripts suggests Harris' mental health issues cause him to make involuntary statements as he now claims.

different.[10]  Although not insurmountable, the *Strickland* standard is highly demanding and subject to a "strong presumption that the representation was professionally reasonable."[11]  The defendant must also set forth and substantiate concrete allegations of actual prejudice.[12]

(9)  The record does not support Harris' claim that his trial counsel should have filed a motion to suppress his statement regarding his ownership of the gun based on a *Miranda* violation.  As the Superior Court Commissioner recognized, the arresting officer testified on direct examination and cross-examination at trial that he advised Harris of his *Miranda* rights, Harris said the gun belonged to him, and then Harris invoked his right to remain silent.  The officer gave the same testimony at the preliminary hearing.

(10)  On direct appeal, Harris, in his points in response to his trial counsel's motion to withdraw under Supreme Court Rule 26(c), did not claim that the police officer failed to give him *Miranda* warnings before he made the statement about the gun.  Instead he claimed that the statement should have been suppressed because it was not recorded.[13]  Harris' trial counsel stated in his affidavit responding to Harris' motion for postconviction relief that his conversations with Harris about the facts

---

[10] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[11] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[12] *Younger v. State*, 580 A.2d 552, 556 (Del.1990).
[13] *Harris*, 2015 WL 4164837, at *2.

and circumstances of his arrest caused him to conclude a motion to suppress based on a *Miranda* violation was without merit. Nothing in the record supports Harris' belated claim that he did not receive *Miranda* warnings before he said the gun belonged to him. The Superior Court correctly concluded that Harris failed to show his trial counsel's decision not to file a motion to suppress fell below an objective standard of reasonableness. The Superior Court did not err in denying Harris' motion for postconviction relief.

(11)  This Court has reviewed the record carefully and has concluded that Harris' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a conscientious effort to examine the record and the law and has properly determined that Harris could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

7